IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RAYMOND TIEDE ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 3:19-cv-00589 |
| v. ) | |
| ) | |
| JEFFREY CRAWFORD, et al. ) | |
| ) | |
| Respondents. ) | |

## DECLARATION OF MARK GRAHAM, SUPERVISORY DETENTION AND DEPORTATION OFFICER

Pursuant to 28 U.S.C. § 1746, I, Mark Graham, hereby declare and state as follows:

1. I am employed as a Supervisory Detention and Deportation Officer (SDDO) with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) in the Washington, DC Field Office.

2. As a Supervisory Detention and Deportation Officer, I am charged with the responsibility of overseeing the cases of detained aliens in removal proceedings. These duties include the review of alien files for sufficiency, the detention and release of aliens in ICE custody, monitoring the progress of cases through the criminal system, if necessary, and the immigration hearing process, review and completion of post-order custody reviews ("POCRs"), and enforcement of the immigration court's decision, including the execution of removal orders.

3. The following declaration is based on a review of information contained in the alien file of Petitioner Raymond Tiede ("Petitioner"), A200 397 367, records and databases maintained by ICE, and other documents and physical evidence relevant to Petitioner; my own personal

knowledge and observations during the course of my official duties; and information conveyed to me by other law enforcement officials. I am therefore familiar with the facts and circumstances regarding Petitioner's immigration proceedings and custody status.

### I. PETITIONER'S IMMIGRATION AND CRIMINAL BACKGROUND

4. Petitioner claims to be a native and citizen of France. Petitioner was originally admitted to the United States with a French passport on or about August 28, 2001 at John F. Kennedy International Airport in New York, New York, through the Visa Waiver Program (VWP). The VWP enables citizens and nationals of participating countries, including France, to travel to the United States for tourism or business for stays of 90 days or less without obtaining a visa. Petitioner had authorization to remain in the United States under the VWP until November 26, 2001. Petitioner has remained in the United States since that time.

5. On or about November 3, 2009, Petitioner's then-spouse, a U.S. citizen, filed a FORM I-130, PETITION FOR ALIEN RELATIVE ("I-130") on his behalf with U.S. Citizenship and Immigration Services (USCIS). Petitioner concurrently filed a FORM I-485, APPLICATION TO REGISTER PERMANENT RESIDENCE OR ADJUST STATUS ("I-485"). On June 16, 2010, both the I-130 and the I-485 were denied by USCIS after Petitioner failed to respond to a request for evidence demonstrating the bona fides of his marriage.

6. On or about April 28, 2019, Petitioner was arrested by U.S. Customs and Border Protection (CBP) at Dulles International Airport in Dulles, VA while waiting for an arriving passenger. Records checks showed the Petitioner violated the terms of the VWP by remaining in the United States longer than permitted.

## II. PETITIONER'S ADMINISTRATIVE REMOVAL PROCEEDINGS

7. On or about April 29, 2019, CBP issued Petitioner CBP FORM 845, ORDER OF REMOVAL (SECTIONS 217 AND 237) at Dulles International Airport in Dulles, Virginia, pursuant to Section 1187 of Title 8 of United States Code.

8. On or about April 30, 2019, the Petitioner was transferred to ICE custody.

## III. DETENTION AND REMOVAL EFFORTS

9. On or about May 20, 2019, ICE contacted the Embassy of France (French Embassy) in Washington, D.C., requesting information in reference to a travel document fee and proper application.

10. On or about May 23, 2019, ICE gave the Petitioner an application for a travel document to France. Petitioner refused to fill out the travel document application.

11. On or about May 30, 2019, Petitioner was served with FORM I-229A, WARNING FOR FAILURE TO DEPART, pursuant to 8 U.S.C. § 1253.

12. On or about May 31, 2019, ICE Deportation Officer Toya Smalls spoke with Petitioner's immigration attorney of record. The attorney of record stated that the Petitioner is a citizen and national of Cote d'Ivoire.

13. On or about June 7, 2019, ICE attempted to contact the French Embassy via telephone with no response.

14. On or about June 11, 2019, ICE spoke with the French Embassy, which requested any identifying documents in ICE's possession in order to verify Petitioner's claim to French citizenship. ICE submitted the birth certificate contained in Petitioner's alien file, which Petitioner had previously submitted to USCIS as part of his I-485 application, to the French Embassy.

15. On June 19, 2019, the French Embassy notified ICE that the birth certificate submitted for identity purposes was in fact fraudulent and French citizenship could not be proven with the submitted document.

16. On June 24, 2019, ICE sent a request to Petitioner's attorney of record requesting a follow-up with Petitioner's family regarding any genuine identity documents to prove Petitioner's citizenship. ICE also sent a travel document request packet for Cote d'Ivoire to ICE Removal and International Operations (RIO) at ICE headquarters in Washington, D.C.

17. On or about June 28, 2019, POCRs were conducted, each concluding that continued detention was appropriate.

18. On July 19, 2019, ICE spoke with the Petitioner at the Farmville Detention Center in Farmville, Virginia about his claimed French citizenship. Petitioner reiterated he was a French citizen and denied being a citizen of Cote d'Ivoire. Petitioner insisted he was born in Saint Rose, on the island of La Reunion, a French territory located in the Indian Ocean off the southeast coast of Africa.

19. On July 24, 2019, ICE spoke with Petitioner's daughter, who in turn faxed a copy of Petitioner's French passport. ICE sent the copy of the passport to the French Embassy for review.

20. On August 2, 2019, August 14, 2019, August 26, 2019, and September 5, 2019, ICE sent emails to the French Embassy requesting an update on the new document that was submitted for review.

21. On September 5, 2019, the French Embassy again stated the Petitioner is not a French citizen. The case officer also sent an email to ICE RIO for an update on a possible travel document to Cote d'Ivoire. The Embassy of Cote d'Ivoire informed ICE RIO that issuance of a

travel document was unlikely without a means to verify Petitioner's identity and citizenship. Neither France nor Cote d'Ivoire, however, have stated that they would not accept the Petitioner or issue travel documents once presented with verification of his identity.

22. On September 12, 2019, ICE officers took a sworn statement from the Petitioner, in which he affirmed his birth in Saint Rose, La Reunion and reiterated his claim to French citizenship.

23. On October 16, 2019, the French Embassy interviewed the Petitioner again by video teleconference, and again confirmed that the Petitioner's documents were fraudulent and that he was not a citizen of France.

24. On October 23, 2019, ICE served the Petitioner failure to comply paperwork.

25. Petitioner remains detained in ICE custody.

26. Despite Petitioner's repeated obstruction, ICE is continuing its efforts to remove Petitioner to France or Cote d'Ivoire. There are no current structural or diplomatic barriers interfering with the United States' ability to effectuate removals of French or Cote d'Ivoire nationals to their native country.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: October 30, 2019

Mark Graham, Supervisory Detention and Deportation Officer
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security