UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

Richmond Division

RAYMOND TIEDE, )
        Petitioner, )
v. ) No.3; 19cv589
JEFFREY CRAWFORD, et al. )
        Respondents. )

**RESPONSE TO RESPONDENTS MOTION TO DISMISS OR,
THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Here comes now Petitioner RAYMOND TIEDE (Mr. Tiede) moves the Honorable Court to Denied Respondents motion to Dismiss and for Summary Judgment under the Rule 56(c) and to Grant Mr. Tiede Petition for Writ of Habeas Corpus under 28.U.S.C §2241, for the following reasons:

Respondents contend that Mr. Tiede's detention is within the correct period, and that Mr. Tiede has not made an application in good faith for travel documents. These arguments are totally erroneous and the Respondents' motion should be denied.

### BACKGROUND

Mr. Tiede is a French citizen, who legally entered the United States on August 28th 2001 at John F. Kennedy international airport in New York, New York, not knowing at that time what Visa Waver Program (V W P) really means.
Thirteen days after Mr. Tiede arrival, we unfortunately got September 11. In fear to travel back by plane Mr. Tiede decided to stay in United States for studies. Mr. Tiede learned Plumbing and Engineering that he successfully achieved in 2003. Since 2003 until today Mr. Tiede is Master Plumber and owned a home improvement small business.
On December 13th 2006 Mr. Tiede got married to a US citizen. Three years later on November 3rd 2009 Mr. Tiede's spouse filed a form I-130 petition for Alien on his behalf. Mr. Tiede also filed a form I-485 for a Permanent Residence.
On June 16th 2010 both forms was denied USCIS, because Mr. Tiede and his spouse did not receive any mail from USCIS to their new address after moving from Essex (Baltimore Maryland) to Timonium

1

(Baltimore Maryland). When Mr. Tiede and his spouse went to the USCIS office, they got notified that their case was already closed a few months ago, failure to reply on time. On April 28th 2019, Mr. Tiede was arrested by US Custom and Border protection at Dulles international airport in Dulles, Virginia while waiting for an arriving passenger. Since that Mr. Tiede is transferred and is in detention in US immigration and Customs Enforcement (ICE) Custody in Farmville, Virginia.

**ARGUMENTS**

Section 1231(a) is the post removal detention provision of the INA and applies to Aliens who are subject to a final order of removal. It provides that when an Alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90-days 8 U.S.C. §1231(a) (1) (A). The provision requires that the Alien be detained during this 90 days timeframe, See 8 U.S.C § 1231(a) (2), which is referred to as the removal period 8 U.S.C § 1231(a) (1) (A). If the Alien is a non Criminal and is not removed during the 90-Days removal period, the Attorney General "must" release the non criminal "subject to supervision". INA 241(a) (3), 8 U.S.C 1231(a) (3)5.

However if the Attorney General is unable to remove a criminal Alien within the 90-Days removal period, He may continue detaining the criminal Alien as a matter of discretion. See INA 241(a) (6) 8 U.S.C 1231 (a) (6). In this case at hand, Mr. Tiede is a non criminal and should have been released after the 90-days removal period on supervision under INA 241(a)(3), 8 U.S.C 1231(a)(3)5.

The Risk of an erroneous deprivation of Liberty in the absence of a hearing before a Neutral Decision Maker is substantial and Go to the heart of one's due process right.

Mr. Tiede is a non criminal and should be removed or released within the 90-days period which began on April 29th 2019 and ended on July 28th 2019. Mr. Tiede did not file his petition until August 5th 2019, which is after the 90-days period; which gives Mr. Tiede all right to seek release from an erroneous deprivation of Liberty.

The attorney General continues detaining a criminal Alien as a matter of discretion, but in this case Mr. Tiede is not a criminal and should have been released after the 90-days period. There is or no fact finding by a Neutral Decision Maker as to Mr. Tiede danger to property or person and fly risk.

Federal Law creates a process for determining whether Alien like Mr. Tiede, who have been ordered removed should be detained while the Government attempts to effectuate their removal.

A federal Statute 8 U.S.C §1231(a)(2) requires that on Alien ordered removed from the United States be detained for up to 90 days, ordinarily starting on the date the order becomes final. After the 90 days has passed ICE must give an Alien notice and an opportunity to be heard before detaining him for longer than 90 days. See 8 C.F.R. § 241.4. On August 5th when Mr. Tiede filed his 2241 motion he has been detained for more than 90 days and ICE did not give Mr. Tiede the opportunity to be heard. Ice did not follow the process prescribed by its' Regulations.

Now ICE contends that Mr. Tiede's Habeas Corpus motion should be dismissed as premature because he has not been in custody for at least six months before filing his petition. Ice relies on the Supreme Court's decision in Zadvydas in making this claim.

This argument is unmeritorious. The Fifth Amendment guarantee of Due process had two components; The Substantive component prohibits Restrictions on Liberty that are not narrowly tailored to serve a compelling state interest, no matter what process is employed in deciding to impose them. In addition, a

person who is detained has a right to procedural due process, meaning a Right to a Fair process for challenging the reason for detention. Fundamental features of procedural due process are Fair notice of the reason for the possible loss of Liberty and a meaningful opportunity to address them.

Zadvydas addresses the substantive due process component of the Fifth Amendment. The Supreme Court held in effect that an Alien's right to substantive due process could be violated by prolonged detention even if the Alien's right to procedural due process had been satisfied.

Respondents have failed to show how Zadvydas close the door on Mr. Tiede claim. The six months Zadvydas presumption is that a presumption. See Clark v. Martinez, 543 U.S.371 387 125 SCT 716,160 L E D 2d 734 (2005 (O'Connor, J Concurring).

The Supreme Court in Zadvydas outlined a "GUIDE" for approaching § 2018 U.S Dist Lexis 233. These detentions challenge 533 U.S at 700-701 not a prohibition on claims challenging detention less than six months. Furthermore Mr. Tiede is being detained pursuant to a notably different provision of section 1231. Zadvydas was detained pursuant to section 1231(a) (6). A criminal Alien. Mr. Tiede here is a Non-criminal and is being detained pursuant to section 1231(a) (3); even if Mr. Tiede was detained pursuant to section1231 (a) (6), the Supreme Court found the discretionary "MAY" language posed a risk of indefinite detention, Zadvydas, 533 U.S. at 697 holding that a non citizen could not challenge their detention until at least 90 days of detention have passed. In this case when Mr. Tiede filed his petition, 90 days has already passed.

Also the Supreme Court "Reject the Government's argument that under Zadvydas ,§ 1231(a)(6)" authorizes detention until it approaches Constitutional Limits of six months ; See ClarK v. Martinez 543 U.S 371 387 125 SCT 716,160 LED.2d 734 (2005) (O'Connor J Concurring) holding : Zadvydas did not hold that the Statute authorizes detention until it approaches Constitutional limits, and that the Government provides no citation to support that description of the case and non exits.

In Zadvydas it was the Statute's text read in light of its purpose, not some implicit statutory command to avoid approaching Constitutional Limits, which produced the rule that the Secretary may detain only for the Period reasonably necessary to bring about their removal. See 533 U.S. at 697-699 150 L.E.D 2d 653,121 SCT 2491.

Zadvydas who was born apparently of Lithuanian parents, in a displaced person camp in Germany, was ordered deported based on his criminal record. However both Germany and Lithuania refused to accept him on the ground that he was not a citizen of their country; and effort to send the Alien to the Dominica Republic, the country of his wife also failed. When the Alien remained in custody after the 90 days removal period expired, he filed a Habeas Corpus action in the United States District Court that granted the Writ and ordered him released under supervision, not six months as the Respondents contend.

For the forgoing reason the Respondents argument should be dismissed. Because it makes clear by the Honorable O'Connor, in the case of Clark v. Martinez that the Supreme Court rejected the Government argument that under Zadvydas § 1231(a)(6) authorizes detention until it approaches constitutional limits of six months .

Same should apply in this case; because Zadvydas also did not wait six months to file a Habeas Corpus motion under § 2241.

Zadvydas establishes a two pronged Inquiry to determine whether § 1231(a) (6) allows detention beyond the "90-day" removal period. First a petitioner must show that he has been held for more than

six months after the issuance of the final administrative order of removal.

In this case Mr. Tiede has met his burden of the first pronged because his removal period began on April 29th 2019, and ended on October 27th 2019 ,(180 days).See K.A v. Gree 2017 U.S. Dist Lexis 190222(D.N.J. Nov 16, 2017) holding that petitioner was released into immigration custody on January 25th 2017. See § 1231(a)(1)(8)(iii) mandated that his removal period began to run on that date and petitioner six months presumptively reasonable period thus runs from that date and expired at the end of June 2017,(six months).

To meet the burden of the second Pronged of zadvydas, the petitioner must show that there is no significant likelihood of removal in the reasonably foreseeable future.

As this second pronged, Mr. Tiede also meet his burden for the forgoing reason.

ICE set forth no date by which time the Agency reasonably expects Mr. Tiede to be repatriated to France. Mr. Tiede has fully made application in good faith for travel documents by complying with ICE to remove him from the United States by providing Ice with a copy of his passport and birth certificate, going to all ICE interview and teleconference with the France Consular officials. But the French Embassy has stated to ICE that they will not accept him.

There is no doubt that Mr. Tiede is a French citizen because he entered the United States and was originally admitted to the United States with a French passport on August, 28th 2001 at one of the most sophisticated Airport in the world; the John F. Kennedy International airport in New York, New York; and if his passport was fraudulent he could not make it out that airport without being arrested. Also if he is not from France, and is from Cote D'Ivoire as "assumed" by ICE, his deportation is illegal because Cote D'Ivoire does not have a visa waiver program (V.W.P); and ICE has no evidence as to Mr. Tiede being a citizen of Cote D'Ivoire. So therefore this argument is only speculation at best and meritless.

Is Ice saying that any anyone could walk through the United States' airport with a fraudulent passport? How does one proof citizenship? If not with a passport or birth certificate which Mr. Tiede had submitted to ICE? Also ICE took Mr. Tiede's fingers prints that show that he is in fact a France citizen. See Garza v. Bennett 2018. U.S. Dist. Lexis 15994(S.D. Tex, Jon 31, 2018). (Garza showed the interviewer his valid US passport "as proof of citizenship").

Now according to ICE speculation Mr. Tiede is not a France Citizen, but states that when petitioner was arrested by US Customs and Border Protection (CBP) at Dulles International Airport in Dulles, Virginia see Mark Graham declaration ¶ 6, records checks showed the petitioner violated the terms of the visa waiver program (VWP); See Mark Graham Declaration ¶ 6 which is given only to France citizen. So that can only mean that Mr. Tiede is in fact a French citizen.

### Removal in the reasonably foreseeable future

There apparently is no significant likelihood of Mr. Tiede removal in the reasonably foreseeable future. The Supreme Court requires a detained Alien to demonstrate initially only that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" Zadvydas, 537 U.S.at 701 (emphasis added) the burden upon the detainee is not to "demonstrate" no reasonably foreseeable significant likelihood of removal or show that his detention is indefinite. It is something less than that D. Alessandro v. Mukasey, 628 F. supp 2d 368.404 (W.D.N.Y. 2009); and if the detainee makes that showing, the burden shift to the government to "respond with evidence sufficient

to rebut [the detainee] showing", Zadvydas, 533 U.S. at 701. Here, Mr. Tiede cannot be removed to France without travel documents despite ICE efforts to obtain travel documents for almost 7 months now and its frequent follow-up communications with the France consulate. Nothing in the record suggests that ICE is now closer to obtain the necessary documents than it was.

When Mr. Tiede first was taken into custody, ICE has done nothing to rebut that showing. ICE has not produced anything from the France Consulate, providing even a possible timeline for obtaining travel documents or deportation. ICE reasonably expects Mr. Tiede to be repatriated to France, but provided no date at all, instead simply stating that ICE anticipates that it will be able to timely effectuate Petitioner's removal, but the time frame of this expectation is not specific. In other words ICE has no Idea; and if ICE has no idea of when it might reasonably expected Mr. Tiede to be repatriated, then the Court certainly cannot conclude that his removal is likely to occur or even that it might occur in the reasonably foreseeable future. So the Court is left to guess whether his deportation might occur in ten days, ten months, and ten years.

Zadvydas and its progeny are all about the mere passage of time, and in event in Mr. Tiede's case, it is not merely the passage of time that suffices to meet his initial burden, but the passage of time combined with the fact that the France consulate and the United states Government are no closer to identifying and repatriating him than they were once they first took him into custody, or, for that matter when the Respondents first ordered him removed almost 7 months now.

8 U.S.C1231 does not permit indefinite detention. Zadvydas 533 U.S at 689 "indefinite" means having no exact limits, "indeterminate" in extent or amount "and", not clearly fixed; Webster's third new international dictionary (1993). Because neither ICE nor this Court can guess how long Mr. Tiede's detention pending removal will continue with any degree of certainly. Mr. Tiede's detention is indefinite by any of these definitions.

The evidence that the Government had provided is insufficient to rebut his showing of good reason to believe that there is a significant likelihood of removal in the reasonably foreseeable future. Thus his continued detention violated the statute, see Zadvydas533 U.S. at 701, Hassoun Supra 2019 U.S. Dist Lexis 451[WL] at *5. Under Zadvydas the reasonableness of petitioner's detention does not turn on the degree of the Government's good faith efforts, rather the reasonableness of petitioner's detention turns on whether and to what extent the Government's efforts are likely to bear fruit. D'Alessandro 628 F. Supp. 2d. at 406 (Government failed to rebut presumption that deportation is not reasonably foreseeable when Respondents can come forward with nothing other than an assertion that Mr. Tiede's detention will end at some unspecified and unpredictable time. Andreasyan v. Gonzales 446 F.Supp.2d 1186,1189-90(W.D.Wash2006) finding removal not likely in reasonably foreseeable future, when Alien detained for eight months, consulate states only that case was still under review pending decision, and Government continues states only that case was still under review pending a decision and Government continues to ask for a few more weeks. Seretse. Khama v. Ashcroft 215 F.Supp.2d 37,50 (DDC2002) government failed to rebut showing that deportation is not reasonably foreseeable where they "have not demonstrated that any travel documents are in hand nor have they produced any evidence, or even assurances from the ( foreign) government, that travel documents will be issued in a matter of days or weeks or even months ". For that reason Mr. Tiede is entitled to some relief.

**DHS/ICE's Failure to comply with their own Regulations and Failure to provide legally-Required procedures violate Petitioner's Right to procedural due process**

ICE, like any agency has the duty to follow its own federal regulations. " Haoud v. Ashfcroft , 350 F. 3d 201,205(1st Cir 2003), Quotina Nelson v. INS., 232 F.3d 258,262 (1st Cir 2000).
Mr. Tiede custody review was supposed to be held on July 29th 2019 according to the notice to Alien of File Custody Review. It stated that evidences could be submitted up until that date of July 29th 2019; but Mr. Tiede custody review was held on June 28th 2019, See Mark Graham Declaration Page 4 Paragraph 17. One whole month before the required date. When ICE reviewed Mr. Tiede custody status "prematurely" on June 28th 2019 , Ice violated "its own regulations" and procedures under §241.4, depriving Mr. Tiede of his right to a meaningful custody status review, also in the decision to continue detention; because he is a fly risk. This decision was based on no evidences, only that Mr. Tiede overstayed.                     On July 24th 2019, when ICE spoke with Tiede's daughter, See Mark Graham Declaration page 4 paragraph 19,who in turn faxed a copy of Mr. Tiede's French passport, Birth certificate, house title, income taxes records, letters of support from family ,friends and customers in support of his conduct ( she did not send only the passport copy but all these documents ),but the custody review was already held on June 28th Prematurely.
Where an Immigration "regulation" is promulgated to protect a fundamental right derived from the constitution or a federal statute "like the opportunity to be heard ", and ICE fails to adhere to it , the challenged (Action) is invalid…,Waldron v. I.N.S,17F.3d511,518(2d Cir. 1993); See also Ying Fong v. Ashcroft,317 F. supp.2d 398,403-04(S.D.N.Y 2004),( granting Alien's Habeas petition where she was deported fewer than 72 hours after her arrest and regulation mandated 72 hours Rule).
Based on ICE's violations of its own Regulations, Mr. Tiede contend his detention is unlawful, See Rombot v. Moniz, 2017.U.S. Dist. Lexis 1764 52 (D Mass, Oct 25, 2017)

### CONCLUSION

Based on these forgoing reasons, this Court should denied the Respondents motion to dismiss and Respondents' motion for summary judgment and grant Mr. Tiede petition for Writ of Habeas Corpus and order him immediately released.

Date 11/18/2019                    sign Raymond Tiede

I certify that on _____, I mailed a copy of this motion to Jonathan T. Lucier VSB No 81303 Attorney for Respondents at the office of the United States Attorney, 919 East Main street, suite 1900 Richmond, VA 23219

Case 3:19-cv-00589-REP-RCY   Document 7   Filed 11/19/19   Page 7 of 7 PageID# 56