UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RAYMOND TIEDE, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 3:19cv589 |
| | ) |
| JEFFREY CRAWFORD, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Respondents, by counsel and pursuant to Local Rule 7(F), submit this Reply Memorandum in Support of Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, Motion for Summary Judgment under Rule 56(c) (ECF Nos. 3-4) in response to Petitioner Raymond Tiede's Petition for a Writ of Habeas Corpus (ECF No. 1).

**I.    Argument**

    **A.    The Petition was Filed Prematurely and Should Be Dismissed**

The Petition should be dismissed because—using any calculation— it was filed during the *Zadvydas v. Davis*, 533 U.S. 678 (2001), presumptively reasonable period. The Petition was filed on August 14, 2019. *See* Pet. (ECF No. 1). Even using Petitioner's calculation for when the six-month period expired, October 27, 2019, Pet'r's Opp'n (ECF No. 7) at 3, the Petition was filed prematurely and should be dismissed. *Davis v. Rhoden*, No. 19-20082-CV, 2019 WL 2290654, at *5 (S.D. Fla. Feb. 26, 2019), report and recommendation adopted, No. 19-20082-CIV, 2019 WL 2289624 (S.D. Fla. May 29, 2019) ("A habeas corpus petition relying upon

1

*Zadvydas* should be dismissed if it was *filed before* the six-month 'presumptively reasonable period' elapsed.") (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002)) (emphasis added).

The Petition still should be dismissed as premature even if six months has *now* passed from the date Petitioner's removal order became administratively final (April 29, 2019). This is because—as set forth below—Petitioner has caused the delay in effecting his removal and therefore the *Zadvydas* period has been tolled. *See, e.g.*, *Davis*, 2019 WL 2290654, at *7 ("Here, the delay in effectuating Petitioner's removal was not presumptively unreasonable because the *Zadvydas* period (i.e., 180 days) tolled due to Petitioner encumbering the removal process. Accordingly, under the circumstances, the instant habeas petition is premature.").

**B.     Petitioner Has Not Stated a Claim Under *Zadvydas***

**1.     The Petition Should Be Dismissed Because Petitioner's Detention is Within *Zadvydas*'s Presumptively Reasonable Six-Month Period**

The Petition should be dismissed because Petitioner's continued detention is presumptively reasonable under *Zadvydas*, as set forth in Respondents' Response to Petition for Writ of Habeas Corpus and Memorandum in Support of Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 5) ("Resp'ts' Mem.") at 12-13. Petitioner argues that he has met his burden on the first *Zadvydas* prong—detention for more than six months—because "his removal period began on April 29, 2019, and ended on October 27, 2019." Pet'r's Opp'n at 3. The Court need not decide whether—as Respondents argued in their opening memorandum, Resp'ts' Mem. at 12-13—the *Zadvydas* presumptively reasonable six-month period began in July, "after the 90-day removal period ends," or began in April, on the date the order of removal becomes final. *Sanchez-Acosta v. Sessions*, No. 1:18-CV-00872, 2018 WL 4781177, at *3 (E.D. Va. Oct. 2, 2018) ("The [*Zadvydas*] Court . . . held that continued detention

2

for six months after the 90-day removal period ends, in order to facilitate removal, is presumptively reasonable. . . . *Zadvydas* not only upholds detention during the 90-day removal period but also holds that six months of detention following the removal period is presumptively reasonable."); *see also Andrewes v. U.S. I.N.S.*, 141 F. App'x 98, 99 (4th Cir. 2005) ("[I]n *Zadvydas*, the Supreme Court construed [8 U.S.C. § 1231(a)(6)] to contain an implicit 'reasonable time' limitation and presumptive limit to six months of *post-removal-period* detention.") (emphasis added). Petitioner's argument fails even if *Zadvydas* presumptively reasonable six-month period began in April.[1]

Petitioner's detention is permissible under *Zadvydas* using either approach. This is because "[t]he six-month period is tolled . . . if the alien acts to prevent his removal." *Guo Xing Song*, 516 F. App'x at 899; *Lusanga v. Ramos*, No. 6:19-CV-00062, 2019 WL 2851759, at *2 (W.D. La. June 11, 2019), report and recommendation adopted, No. 6:19-CV-00062, 2019 WL 2849588 (W.D. La. July 1, 2019) ("The six-month period is tolled if the alien 'hampers' his deportation by, for example, . . . obstructing the INS from obtaining travel documents.") (citation omitted); *Diallo v. Pereira*, No. CIVA AW-07-348, 2007 WL 5230798, at *3 (D. Md. June 29, 2007) ("[W]hen an alien fails to cooperate with the Department of Homeland Security or otherwise impedes his removal . . . the post-removal order ninety-day period and the *Zadvydas* six-month presumptively reasonable detention period are tolled.").

Here, the six-month period is tolled because Petitioner is impeding his removal. Petitioner claims to be a French citizen but refused to fill out an application for a travel

---

[1] Other courts have held—as Petitioner argues—that the six-month period begins on the date of the order of removal becomes final and ends six months from that date. *See, e.g.*, *Guo Xing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) ("The six-month period includes the 90–day removal period and the 90 days thereafter."). As set forth below, Petitioner's detention is permissible under *Zadvydas* using either approach, and the Court need not reach the issue.

document to France, and the French Embassy has notified U.S. Immigration and Customs Enforcement ("ICE") that Petitioner's birth certificate and French passport were fraudulent and has twice stated that Petitioner is not a French citizen. *See* Resp'ts' Mem. Ex. A, Graham Declaration (ECF No. 5-1) ("Graham Decl.") ¶¶ 10, 15, 19, 21, 23. Petitioner's continued claim of French citizenship has obstructed ICE from obtaining travel documents and caused ICE to take steps to remove Petitioner to Cote d'Ivoire (or a third country). Petitioner's continued claim of French citizenship is significant because with accurate citizenship information from petitioner ICE could timely effectuate removal; both France and Cote d'Ivoire continue to be responsive to ICE's requests for assistance, Resp'ts' Mem. Ex. A, Graham Decl. ¶¶ 9-26, neither France nor Cote d'Ivoire has stated that it would not accept Petitioner or issue travel documents once presented with verification of his identity, *id.* ¶ 21, there are no structural or diplomatic obstacles to removal to either France or Cote d'Ivoire, *id.* ¶ 26, and once either France or Cote d'Ivoire issues travel documents for Petitioner ICE anticipates that it will be able to timely effectuate Petitioner's removal because ICE regularly removes individuals to both countries, *see* Resp'ts' Mem. at 15. Because Petitioner is impeding his removal, the Petition was therefore filed within the *Zadvydas* six-month presumptively reasonable detention period even using Petitioner's calculation.

### 2. The Petition Should be Dismissed Because Removal is Reasonably Foreseeable

Petitioner argues that he has carried his burden to "provide good reason to believe that there is no likelihood of removal in the reasonably foreseeable future," *Ming Hui Lu v. Lynch*, No. 1:15-CV-1100-GBL-MSN, 2016 WL 375053, at *6 (E.D. Va. Jan. 29, 2016), because "ICE has not produced anything from the France Consulate providing even a possible timeline for obtaining travel documents or deportation" and "ICE has no idea of when it might be reasonably

4

expect[] Mr. Tiede to be repatriated." Pet'r's Opp'n at 4. Even if Petitioner is correct and the six-month period includes the removal period and therefore ended in October 2019, Petitioner's argument should be rejected for two reasons. *See also* Resp'ts' Mem. at 13-16.

First, a "petitioner who impedes [ICE] removal efforts has not met his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future." *Pelich v. I.N.S.*, 329 F.3d 1057, 1060 (9th Cir. 2003) (internal quotation marks and citations omitted); *see also id.* at 1061 ("It appears that we are the first Court of Appeals to confront the issue whether habeas relief is available when an alien's indefinite detention hinges upon the provisions of § 1231(a)(1)(C). . . . We . . . hold that an alien cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with the INS's efforts to remove him."); *Lema v. I.N.S.,* 341 F.3d 853, 857 (9th Cir. 2003) ("We conclude that 8 U.S.C. § 1231(a)(1)(C) . . . authorizes . . . continued detention of a removable alien so long as the alien fails to cooperate fully and honestly with officials to obtain travel documents."). Here, as set forth above, Petitioner has impeded his removal by continuing to claim French citizenship when the French Embassy has stated that he is not. Resp'ts' Mem. Ex. A, Graham Decl. ¶¶ 10, 15, 19, 21, 23. Petitioner therefore has not met his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future (and cannot assert a claim based on his detention); *Davis*, 2019 WL 2290654, at *6 ("Uniformly, district courts have denied relief under *Zadvydas* when a petitioner has been the cause of the delays in effectuating removal.") (citing cases).

Second, removal is reasonably foreseeable in any event. ICE is taking "active steps" to effectuate removal and continuing its efforts to remove Petitioner to either France or Cote d'Ivoire. Resp'ts' Mem. Ex. A, Graham Decl. ¶ 26; *Clarke v. Kuplinski*, 184 F. Supp. 3d 255, 260 (E.D. Va. 2016) ("[R]emoval is 'reasonably foreseeable' when ICE is taking active steps to

secure removal at some point in the future. . . [T]he record reflects consistent, periodic contact between ICE and the Jamaican government. Such contact negates Clarke's argument that ICE has not done anything to effect his removal to Jamaica in the foreseeable future.") (internal quotation marks, citations, and alterations omitted). Both countries continue to be responsive to ICE's requests for assistance, Graham Decl. ¶¶ 9-26, neither France nor Cote d'Ivoire has stated that it would not accept Petitioner or issue travel documents once presented with verification of his identity, *id*. ¶ 21, and there are no structural or diplomatic obstacles to removal to either France or Cote d'Ivoire, *id*. ¶ 26. *Ming Hui Lu*, 2016 WL 375053, at *7 ("Courts have found that removal was not 'reasonably foreseeable' in situations where no country would accept the detainee, the country of origin refused to issue the proper travel documents, the United States and the country of origin did not have a removal agreement in place, or the country to which the deportee was going to be removed was unresponsive for a significant period of time."). Moreover, ICE would be authorized to remove Petitioner to a third country if either France or Cote d'Ivoire ultimately refuse to accept Petitioner. 8 U.S.C. § 1231(b)(2)(E)(i)-(vii) (authorizing removal to an alternate countries, including "another country whose government will accept the alien into that country"). Petitioner cannot establish that his removal is not reasonably foreseeable.

  Petitioner's cited cases show why he has not met his burden to show good reason to believe that there is no likelihood of removal in the reasonably foreseeable future. In *D'Alessandro v. Mukasey*, 628 F. Supp. 2d 368 (W.D.N.Y. 2009), Pet'r's Opp'n at 5, the petitioner's "detention ha[d] lasted sixteen (16) months" and the petitioner had pending cases in both state court and the Second Circuit, with which DHS had an "with informal forbearance policy in place . . . that effectively prevent[ed]" petitioner's removal, which had "course[s] of

6

events" that were "sufficiently unknowable, as to substance and duration to convince th[e] Court that [petitioner] ha[d] established good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 397, 406. Here, Petitioner has been in detention for seven months from the date of his order of removal and has no pending litigation that would prevent his removal.

In *Andreasyan v. Gonzales*, 446 F. Supp. 2d 1186 (W.D. Wash. 2006), Pet'r's Opp'n at 5, the petitioner had been in detention for eight months but had filled out the paperwork for travel documents and submitted them to the Uzbekistani consular officer, which had the petitioner's case "'still under review and pending a decision'" without issuing travel documents for six weeks after the government had requested "a 'few more weeks to await Uzbekistan's decision,'" all two months after the Magistrate Judge had issued a report and recommendation recommending that the petitioner be released. *Id*. at 1188, 89-90. Here, Petitioner continues to be detained not because ICE is awaiting the decision from either France or Cote d'Ivoire but because Petitioner continues to claim French citizenship and thus is not cooperating in obtaining travel documents. Instead, both France and Cote d'Ivoire continue to be responsive to ICE's requests for assistance, Graham Decl. ¶¶ 9-26, and neither France nor Cote d'Ivoire has stated that it would not accept Petitioner or issue travel documents once presented with verification of his identity, *id*. ¶ 21.

In *Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37 (D.D.C. 2002), Pet'r's Opp'n at 5, the petitioner had been detained for more than three and a half years and there was "still no sign of travel documents on the horizon since the INS communication with Liberian officials in December 2001—some eight months [before the court's decision]." *Id*. at 48; *id*. at 46 ("An immigration judge ordered petitioner's removal on September 3, 1998, and that order became

7

administratively final on October 4, 1998. The statutory 90–day removal period therefore ended in early January 1999. The period of 42 months since then during which petitioner . . ."). The court also noted that "[t]here [wa]s also no claim that [petitioner] ever denied his Liberian citizenship, or gave false or misleading information that impeded the issuance of travel documents." *Id*. at 51. Here, the length of detention is (much) shorter, France and Cote d'Ivoire continue to be responsive to ICE's requests, and Petitioner has impeded the issuance of travel documents. Unlike these cases, Petitioner has not provided good reason to believe that there is no likelihood of removal in the reasonably foreseeable future. The Petition should be dismissed.

  **C.** **Petitioner's Other Arguments Should be Rejected**

    **1.** **Petitioner is Properly Detained After the 90-Day Removal Period under 8 U.S.C. § 1231(a)(6)**

Petitioner argues that he is a "non-criminal and should have been released after the 90-days removal period on supervision under INA § 241(a)(2), 8 U.S.C. § 1231(a)(3)." Pet'r's Opp'n (ECF No. 7) at 2; *see also id.* at 3 ("Mr. Tiede here is a non-criminal and is being detained pursuant to section 1231(a)(3).").

8 U.S.C. § 1231(a)(3) does not require Petitioner's release. Under § 1231(a)(3) "'[i]f [an] alien does not leave or is not removed within the removal period,'" then he is normally subject to supervised release." *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 214 (3d Cir. 2018) (quoting 8 U.S.C. § 1231(a)(3)) (alterations added). "Section 1231(a)(6), however, authorizes the continued detention of certain classes of aliens 'beyond the removal period,' for a timeframe 'reasonably necessary to bring about that alien's removal from the United States.'" *Id*. (quoting 8 U.S.C. § 1231(a)(6) & *Zadvydas*, 533 U.S. at 689).

Here, 8 U.S.C. § 1231(a)(6) authorizes Petitioner's continued detention. Section 1231(a)(6) governs removal for "[a]n alien who is inadmissible under section 1182 of this title

[or] removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4)" and states that the alien "may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6). Section 1227(a)(1)(C) makes deportable "[a]ny alien who was admitted as a nonimmigrant and who has failed . . . to comply with the conditions of any such status." 8 U.S.C. § 1227(a)(1)(C)(i). Petitioner was found removable under § 1227(a)(1)(C): he was "found to be deportable from the United States under Section 237" of the INA, 8 U.S.C. § 1227,[2] because "[he] remained in the United States beyond [his] period of admission and w[as] in the United States illegally for approximately 18 years." Pet. Ex. 1 (ECF No. 1-1) at 2. Petitioner is therefore incorrect that he must be released under 8 U.S.C. § 1231(a)(3).

Petitioner also argues that the 90-day removal period "began on April 29, 2019, and ended on July 28, 2019" and therefore he should be released on that basis. Pet'r's Opp'n at 2. As set forth in Respondents' opening memorandum, Resp'ts' Mem. at 10, although the removal period generally begins on "[t]he date the order of removal becomes administratively final," 8 U.S.C. § 1231(a)(1)(B)(i)—here, April 29, 2019—the removal period "shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure," *id*. at § 1231(a)(C). The § 1231(a)(C) extension applies here because Petitioner has "provided false information about his country of origin," claiming to be a native of France when—according to the French Embassy—he is not. *See St. Louis v. Heron*, No. 10-CV-951A, 2011 WL 2746787, at *3 (W.D.N.Y. July 13, 2011). Moreover, as set forth above,

---

[2] INA § 237 is 8 U.S.C. § 1227. *Boggala v. Sessions*, 866 F.3d 563, 565 (4th Cir. 2017), cert. denied, 138 S. Ct. 1296, 200 L. Ed. 2d 472 (2018) (describing the "the criteria for removability listed in INA § 237, 8 U.S.C. § 1227").

9

Petitioner's detention comports with *Zadvydas*. Petitioner's argument that he should be released because the 90-day removal period has run should therefore rejected.

### 2. *Clark v. Martinez* Did Not Change *Zadvydas*'s Presumptively Reasonable Six-Month Period

Petitioner next argues that in *Clark v. Martinez*, 543 U.S. 371 (2005), the Supreme Court "rejected the Government's argument that under *Zadvydas* § 1231(a)(6) authorizes detention until it approaches constitutional limits of six months." Pet'r's Opp'n at 3. That is incorrect. In *Clark*, the Court addressed whether *Zadvydas*'s "construction of § 1231(a)(6)" applied to aliens who are ordered removed because they were found "inadmissible under § 1182." *Clark*, 543 U.S. at 378 ("The question presented by these cases . . . is whether [*Zadvydas*'s] construction of § 1231(a)(6) that we applied to the second category of aliens covered by the statute [aliens removable under § 1227] applies as well to the first—that is, to the category of aliens 'ordered removed who [are] inadmissible under [§ ]1182.' We think the answer must be yes.") (quoting 8 U.S.C. § 1231(a)(6)) (alterations in original). *Clark* did not affect—and indeed reaffirmed—the six–month presumptive detention period the Court established in *Zadvydas*. *Clark*, 543 U.S. at 386 ("Since the Government has suggested no reason why the period of time reasonably necessary to effect removal is longer for an inadmissible alien, the 6–month presumptive detention period we prescribed in *Zadvydas* applies."). Petitioner's *Clark v. Martinez* argument should be rejected.

### D. Petitioner's Claim Based on the Purportedly Premature Post-Order Custody Review Should be Rejected

Petitioner also asserts a new claim, arguing in his opposition that his procedural due process rights have been violated because ICE conducted on June 28, 2019, a custody review that was scheduled for July 29, 2019. Pet'r's Opp'n at 5. This argument should be rejected.

As an initial matter, the Petition did not plead any claim related to his custody reviews. Petitioner's custody-review argument should be denied on that basis. *Smith v. Stevenson*, No. CIV.A. 6:09456MBSWMC, 2009 WL 6315301, at *8 (D.S.C. Oct. 6, 2009), report and recommendation adopted, No. C/A 6:09-456-MBS, 2010 WL 1257510 (D.S.C. Mar. 24, 2010) ("The petitioner did not raise an ineffective assistance of counsel claim in his habeas petition. . . . [A] petitioner cannot amend his petition through arguments raised in his response in opposition to a motion for summary judgment."); *see also Hernandez-Esquivel v. Castro*, No. 5-17-CV-0564-RBF, 2018 WL 3097029, at *11 (W.D. Tex. June 22, 2018) ("To the extent Hernandez–Esquivel wishes to assert a claim founded on an alleged failure to follow required custody-review procedures, he failed to advance any such claim in his habeas petition or support it with sufficient factual allegations, argument, or citation to supporting authority.").

In any event, the final decision on Petitioner's post order custody review was made on July 29, 2019, as the Petitioner's Notice to Alien of File Custody Review notes, *see* Attach to Pet'r's Opp'n (ECF No. 7-1). Ex. A, Nov. 25, 2019 Graham Declaration ("Nov. 25 Graham Decl.") ¶¶ 4-6. Petitioner he was permitted to submit any documentation he wished DHS to review before a final decision was made on or about July 29, 2019. Nov. 25 Graham Decl. ¶ 7. Petitioner's custody-review argument should be rejected.

**II.     Conclusion**

For the foregoing reasons, this Court should deny Petitioner's petition for a writ of habeas corpus.

Dated: November 25, 2019  Respectfully submitted,

                                                     G. ZACHARY TERWILLIGER
                                                     UNITED STATES ATTORNEY

By:   /s/
       Jonathan T. Lucier
       VSB No. 81303
       Attorney for Respondents
       Office of the United States Attorney
       919 East Main Street, Suite 1900
       Richmond, Virginia 23219
       Telephone: (804) 819-5400
       Fax: (804) 771-2316
       Email: jonathan.lucier@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I certify that on November 25, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and served the Petitioner, who is a non-ECF user, by depositing a true copy of the same in the U.S. mail in a prepaid envelope addressed as follows:

    Raymond Tiede
    A200397367
    Farmville Detention Center
    508 Waterworks Road
    Farmville, VA 23901

/s/
Jonathan T. Lucier
VSB No. 81303
Attorney for Respondents
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-5400
Fax: (804) 771-2316
Email: jonathan.lucier@usdoj.gov