

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| RAYMOND TIEDE, | ) |
|     Petitioner, | ) |
| v. | )    No.3; 19cv589 |
| JEFFREY CRAWFORD, et al. | ) |
|     Respondents. | ) |

**SUPPORT MEMORANDUM TO DENY RESPONDENTS MOTION TO DISMISS AND, THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Here come now Petitioner RAYMOND TIEDE (Mr. Tiede) Pro Se replying to JEFFREY CRAWFORD ( Respondents) memorandum by counsel in Support of Motion to dismiss and the Alternative Motion for Summary Judgment

**ARGUMENTS**

Respondents Declaration of Mark Graham should be rejected by this Honorable Court for the following reasons:

If a witness withdraws a false testimony of his own volition and without delay, the false statement and its withdrawal may be found to constitute one inseparable incident out of which an intention to deceive cannot rightly be drawn. Courts tend to be suspicious of attempts to retract sworn testimony after it produces some unfavorable result. See Mc Cann V. Iroquois Mem'l Hosp. 622 F. 3d 745,750-51 (7th Cir 2010) stating change in testimony can affect credibility. United States V. Peterson, 414 F. 3d 825 827 (7th Cir 2005) After pleading guilty in criminal case defendant must have compelling explanation for differences in motion to withdraw plea and testimony in plea hearing.
Supervisory Detention and Deportation Officer Mark Graham (Graham) stated in his declaration filed October 30th 2019 under Penalty of Perjury under the laws of United States of America that the foregoing is true and correct to the best his information, knowledge and belief; that on or about June 28th 2019 a Post – Order Custody Review (P.O.C.Rs) were conducted, each concluding that continued detention was appropriate. See Graham Declaration October 30th 2019 page 4 ¶ 17.
But on November 25th 2019 Graham recant his statement, now stating that June 28th 2019 was not the

date of the (POCRs), it was only initiated on that date.

Courts have pointed out, when a person supposedly recants only when confronted with evidence of his prevarication, the amelioration is not available. See Llanos Senarillos 177 F. 2d at 165-66 (9th Cir 1949). Graham did not recant until Mr. Tiede brings it to light that DHS/ICE's Failure to comply with their own Regulations and Failure to provide legally – required procedures which violate the right to procedural due process. At that time Graham was confronted with evidence of his prevarication, and the amelioration should not be available to him as stated in Llanos Senarillos 177 F. 2d at 165-66 99th Cir 1949). Graham did not withdraw his false testimony on his own volition and without delay. He only withdraws his statement after he produces some unfavorable result, one of which could cost him his job for Failure to provide legally required procedures, which violate the right to procedural due process. Only then did Graham withdraw his testimony.

Graham attempt to wrap himself in that cloak of goodness fails because he overlooks the important limitation on the principle.

As pointed out, when a person supposedly recants only when confronted with evidence of his prevarication, the amelioration is not available See Llanos Senarillos 177 F. 2d at 165-66.

When the So – called retraction was not made until it appeared that the disclosure of the falsity of the statements was imminent, it is evident that the recantation was neither voluntary nor timely.

To go in benefit of recantation witness must prove both that perjury has not substantially affected proceeding and fact that testimony was false is not manifest.

Where it is manifest to witness that his false testimony has been or will be exposed, he may no longer come under the shelter of recantation provision. United States V. Denison (1981, CA 5 La)663 F. 2d 611, 65 ALR Fed 165, reh den (1982, CA 5 La) 669 F. 2d 733.

In order to recant witness must, as condition precedent to giving truthful testimony, admit that his perjurious testimony was false; outright retraction and repudiation of false testimony is essential to recantation within meaning of 18 USCS § 1623 United States V. D'auria (1982 CA 2 NY)672 F. 2d 1085, 10 Fed Rules evid ser v 106.

Recantation bars prosecution only when defendant has satisfied both conditions of 18 USCS § 1623(d). United States V. Fernaro(1990 CA 2 Conn) 894 F. 2d 508.

Graham did not satisfied none of these conditions of 18 USCS § 1623(d) and should not come under the shelter of recantation; and also should be prosecuted for perjury.

18 USCS § 1623(d) does not allow witness to lie to judicial tribunal, and then upon learning he has been discovered, recant in order to bar prosecution. United States V. Baldwin 1980 MD Tenn 506 F supp 300.

To meet statutory requirement of recantation under 18USCS §1623, one must show that his false declaration did not substantially affect proceeding, and that he admit falsehood before it became manifest.

Graham did not meet none of the statutory requirement; and his declaration should be rejected by this Honorable Court for reasons stated; Because Graham did not only provide false statement once, but twice.

First he stated that "on or about June 28th 2019 a post – order custody review were conducted each concluding that continued detention was appropriate", but on November 25th 2019, he stated June 28th 2019 was not the date of the post – order custody review, "it was only initiated on that date".

Second, he stated that "they each concluded on or about June 28th that continued detention was

2

appropriate", but in his November 25th 2019 declaration, he stated that on or about July 26th 2019 I concurred in D.O Smalls' POCR recommendation to continue detention as the reviewing Supervisory Officer, and on or about July 30th 2019, Assistant Field Officer Director Patrick Divver also concurred in DO Smalls' POCR recommendation, at which point the 90 – day POCR process was completed; See Graham Declaration November 25th ¶ 5-6.
So now Graham is saying they did not each concluded on the same day that continued detention was appropriate.
Graham Declaration is made up of false statement and should be rejected by the Court.

Respondents now claim Petitioner asserts a new claim as to his post-order custody review.
This is also a next way to cover up their dirty blunder. Mr. Tiede clearly made a claim that his substantive due process right has been violated; See GROUND three of Petition for a Writ of Habeas Corpus under 28 USC § 2241.
ICE reviewed Mr. Tiede custody Status prematurely on June 28th 2019, on violated its own regulations and depriving Mr. Tiede of his substantive due process right. And now want to cover it up by stating that Mr. Tiede asserts a new claim, and also by changing Graham testimony.
**But Even IF** Graham new testimony was true, Ice would still violate its own regulations. Because based on Graham November 25th Declaration, Post-Order Custody Review was initiated on June 28th 2019, so in other words the review started on June 28th 2019, one month before hand. And on or about July 26th 2019, Graham concurred in Deportation Officer Smalls Post-order custody reviews and recommendation to continue detention as the reviewing "Supervisory Officer". Based on this information, the custody review was already completed, when Graham made his recommendation, because he is the one with the most knowledge of the case. That is why he is the one that wrote the Declaration; so therefore, if he makes a recommendation, the Assistant Field Office Director who knows nothing is going to follow his recommendation. But how can Graham make a recommendation before the date of notice to Alien of file custody review, when the date of the review is July 29th 2019? See Ying Fong V. Ashcorft, 317 F. supp. 2d 398, 403-04 (S.D.NY 2004).(Granting Alien's Habeas petition where she was deported fewer than 72 hours after her arrest and regulation mandated 72 hours Rule). **See also Rombot V. Moniz2017. U.S. Dist. Lexis 1764 52 (D mass, Oct 25 2017). Rombot notice to alien of file custody review deadline was October 30th 2017. But ICE did the Custody Review on October 24th 2017. The Court ruled that ICE violated its own regulations and procedures. See 8C.F.R §241.4**
In this case at hand Mr. Tiede contend that ICE still violated its own regulation and procedures, when it started his reviewed custody status prematurely on June 28th 2019 and on July 26th 2019 when Graham made the recommendation to continue detention.

### As to Respondents argument that Petitioner is properly detained after 90 days removal period under 8U.S.C § 1231(a)(6).
After the prematurely June 28th 2019 custody review, Mr. Tiede was served with a copy of the decision on July 30th 2019, stating : upon review of your case, it has been taken into consideration that you have a final order of removal and you are on overstay. Therefore you are a "Fly Risk" if released from Ice custody.
But in the Respondents Memorandum filed November 25th 2019 Respondents clearly stated that

3

1231(a)(c) extension applies here because petitioner has provided false information about his country of origin.

So the question to the Court is: **What is really the reason for Mr. Tiede continued detention?** Or can the Respondents have the right to go back and change whatever or whenever it does not go in their favor? When a person declares under the penalty of perjury under the law of this Great Nation of United Stated of America does not mean anything anymore?

A next example is The Respondents claim that on or about April 28th 2019, Petitioner was arrested by US Custom and Border protection (CBP) at Dulles International Airport in Dulles, Virginia while waiting for an arriving passenger. Records checks showed the petitioner violated the terms of his Visa Waiver Program (VWP) by remaining in the United States longer than permitted. So in other words the Respondents is saying that Mr. Tiede is a France citizen who over stayed his visa, and that is the reason for arresting him.

Secondly, on or about April 29th 2019 Customs and Border Protection (CBP) Issued petitioner (CBP) Form 845, order of removal (sections 217 and 237) at Dulles, Virginia pursuant to section 1187 of title 8 of United States code. See Graham Declaration page 2-3 ¶ 6-7. So Respondents arrested Mr. Tiede and decided to deport him in France because he is a France citizen who overstayed his visa. But now that he should be released as a France citizen who France refused to take back, Respondent is claiming he is not a France citizen. So is he only a France citizen when it works in their favor?

I must ask again: Can the Respondents just change what they want or when they want, if it does not going in their favor?

See Gonzales V. Lytle (1999, CA 10 NM)167 F. 3d 1318, 1999 Colo J C A R 1535. Holding murder defendants due process rights were violated by State Courts' refusal to exclude from evidence recantation made under oath. Also see Ortega V. Duncan (2003, 2A2 NY) 333 F. 3d 102 (criticized in Bermudez V. Portuondo (2004, SD NY) 2004 US Dist Lexis 5427) and (criticized in Mooney V. Trombley (2007 ED Mich) 2007 US Dist Lexis 15298). Petitioner was granted Habeas relief where purported eyewitness to murder completely recanted his testimony.

Also Respondents claimed in their first response to petition for Writ of Habeas Corpus and memorandum in support of motion to dismiss or in the alternative, motion for summary judgment, stating that "petitioner filed his petition during the 90-day period See Respondents' memorandum file November 4th 2019 page 12-13. That's a next false statement made by Respondents now they try to correct it secretly in their second memorandum filed on November 25th 2019.

But as stated before, 18 USCS § 1623 (d) does not allow witness to lie to judicial tribunal and then upon learning he has been discovered, recant in order to bar prosecution. Respondents did not make it clear to the Court that they falsely claim Mr. Tiede filed his petition during the 90-day removal period. But only put the correct date of filing period on the second memorandum filed November 25th 2019 See Respondents memorandum filed November 25th 2019 page 1. Respondent made no indication at all about the false claim. This clearly was an intention to deceive the Court; and is clearly a malfeasance by the Respondents' Attorney he knew that such information was false and try to cover it up. See Siewe V. Locci 2017 US. Dist Lexis 215521 (N.D.G.A, Oct. 10,2017) Court denies Debtor for making false oaths which were material and which were made with intent to deceive the Court.

4

**As to Respondents argument that Petition was filed prematurely and that Clark V. Martinez was applied incorrectly:**

Based on the argument of prematurely filed, it takes up to the Clark V. Martinez case Respondents claimed the case was used incorrectly, because Respondents is talking about the entire case. But only to the section of the case at which the Supreme Court rejects the Government argument that under Zadvydas § 1231(a)(6) authorizes detention until it approaches Constitutional Limits. This is a very clear language. After 6 months of detention, it becomes unconstitutional and it violates a person due process Rights. Therefore detaining up until it approaches Constitutional Limits is the topic of the case in Clark V. Martinez, Mr. Tiede is referring to. So therefore a person should not have to wait 6 months to file a Motion under 2241. Because the Supreme Court makes clear in Clark V. Martinez that Zadvydas does not authorize detention until it approaches Constitutional Limits; because after 6 months it becomes unconstitutional to detain.

So for the foregoing reason Mr. Tiede petition should not be treated as premature.

**CONCLUSION**

Based on these foregoing reasons, this Honorable Court should reject Mark Graham declaration, deny the Respondents motion to dismiss, and Respondents motion for summary judgment,
and grant Mr. Tiede petition for writ of habeas corpus and order him immediately released

Date 12-13-19

sign Tiede

I certify that on 12-13-19, I mailed a copy of this motion to Jonathan T. Lucier VSB No 81303 Attorney for Respondents at the office of the United States Attorney, 919 East Main street, suite 1900 Richmond, VA 23219

5