**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

RAYMOND TIEDE,

     Petitioner,

v.                        Civil Action No. 3:19CV589

JEFFREY CRAWFORD, et al.,

     Respondents.

### MEMORANDUM ORDER

Raymond Tiede, an alien detainee proceeding pro se, submitted this petition pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1). In his § 2241 Petition, Tiede seeks release from the custody of the United States Immigration and Customs Enforcement ("ICE"), asserting that his continued detention is unlawful under Zadvydas v. Davis, 533 U.S. 678 (2001), as it is unlikely that he will be removed in the foreseeable future "because the embassy of France has not and will not provide travel documentation." (§ 2241 Pet. 7 (capitalization corrected).) Respondent has moved for summary judgment. For the reasons set forth below, the Motion for Summary Judgment will be denied without prejudice.

### A. Procedural History

Tiede claims to be a citizen of France. (ECF No. 5-1 ¶ 4.) Tiede was originally admitted to the United States on August 28, 2001, pursuant to 90-day Visa Waiver Program ("VWP") available to citizens of certain countries, including France. (Id.) On April 28, 2019, Tiede was arrested by U.S. Customs and Border Protection

("CBP") at Dulles Airport when a record check reflected that he had overstayed the VWP program.   (Id. ¶ 6.)   On April 29, 2019, CBP issued Tiede an "ORDER OF REMOVAL."   (Id. ¶ 7.)   The next day he was transferred to ICE custody.   (Id. ¶ 8.)

Although Tiede claims to be French citizen (id. ¶ 14), his immigration attorney stated that Tiede is a citizen of Cote d'Ivoire (id. ¶ 12).   In the months that followed, Tiede was not cooperative in the efforts to secure his removal.   Tiede refused to fill out necessary documents (id. ¶ 10) and provided fraudulent documents with regard to his claim of French citizenship (id. ¶¶ 14-20, 23.)

On August 14, 2019, Tiede filed his § 2241 Petition. (ECF No. 1.)   On November 4, 2019, Respondents moved for summary judgment.   (ECF No. 4.)

By Memorandum Order entered on July 23, 2020, the Court directed Respondents to provide a status report on Tiede's removal proceedings.   (ECF No. 12.)   Respondents state that in April of 2020, Tiede's family provided additional copies of documents they asserted were Tiede's French birth certificate and passport.   (ECF No. 13-1, ¶ 7.)   Respondents then attempted to verify the authenticity of the documents.   On May 14, 2020, French authorities responded that the birth certificate was fraudulent and they had no record of Tiede in their systems.   (Id. ¶ 11.)

Thereafter, Respondents have contacted INTERPOL in an attempt to verify whether the Ivory Coast has records of Tiede's

2

citizenship.    (Id. ¶ 13.)    Respondents have not received a response.   (Id.)

On August 3, 2020, Tiede's attorney provided the DHS with a copy of a document that Tiede asserts is his French consular identification card.  (Id. ¶ 18.)  On August 4, 2020, DHS submitted the consular identification card to French authorities for verification.  (Id. ¶ 19.)

### B.  Respondents' Arguments for Dismissal

Respondents offered two primary argument for dismissal: (1) Tiede's current detention is presumptively reasonable and (2) there is a likelihood of removal in the reasonably foreseeable future.  (ECF No. 5, at 1-2.)  With respect to the first argument, Tiede's order of removal was entered on April 29, 2019. Respondents argue that under the relevant law and precedent nine months of detention following the entry of that order is presumptively reasonable.  As the date of the filing of the Motion for Summary Judgment on November 4, 2019, Respondents asserted Tiede's detention was presumptively reasonable because he only had been detained for less than nine months.  That argument has become stale as Tiede now has been detained for in excess of 16 months.

With respect to the second argument, Respondents' inability to remove Tiede in the ten months following the filing of the Motion casts come doubt on their prediction as to the likelihood and imminence of Tiede's removal.  The Court appreciates that the record demonstrates that Tiede's continued detention and lack of

3

removal is, in large measure, the product of Tiede's own dishonesty. Nevertheless, given these circumstances, the Motion to Dismiss (ECF No. 3) and the Motion for Summary Judgment (ECF No. 4) are denied without prejudice to refile within forty (40) days of the date of entry hereof. Respondents' forthcoming submission should address instances where the detainee's lack of removal is attributable to the detainee's lack of cooperation and where a detainee's detention is as prolonged as that of Tiede here. Tiede's Motion to Expedite Case (ECF No. 11) is denied.

The Clerk is DIRECTED to send a copy of the Memorandum Order to Tiede and counsel of record.

It is so ORDERED.

                        /s/

                    Robert E. Payne
                    Senior United States District Judge

Richmond, Virginia
Date:  September 16, 2020

4