Case 3:19-cv-00589- REP-RCY

November 10, 2020



**United States District Court**

**Eastern District Of Virginia**

**Richmond Division**

| | |
|---|---|
| RAYMOND TIEDE, )<br>       Petitioner, )<br>v. )<br>    )<br>JEFFREY CRAWFORD, )<br>       Respondent, )<br>    )<br>_____) | No.3:19cv589 |

## Response Opposing Respondents' Motion to Dismiss or In the Alternative, For Summary Judgment

Petitioner Raymond Tiede (Mr. Tiede) por se move this honorable court to denied the respondent renewed motion to dismiss or in the alternative, motion for summary judgment. For all the reasons stated below.

November 10, 2020

**Back ground**

On or about September 16, 2020. This honorable court denied respondent motion to dismiss or in the alternative, for summary judgment without prejudice to re-file within forty (40) days. And further order that respondent forthcoming submission should address instances where the detainee personally lacks of cooperation.

**ARGUMENT**

1. Mr. Tiede contended that the respondent did not fulfill the order of this honorable Court. The respondent has not shown any valid instance in which Mr. Tiede has not personally cooperated with ICE and therefore the respondent motion should be denied. Also the respondent renewed motion to dismiss or in the alternative, for summary judgment is riddle with false accusation and hearsay statements that is not admissible in court. The arguments the respondent raise has already been previously raised in the respondents previous motion to dismiss or in the alternative, motion for summary judgment; which this court refers to as "stale."

Base on respondents renewed motion to dismiss, or in the alternative for summary judgment the respondent claims that (1) Mr. Tiede is not cooperating fully and honestly to secure travel documents, because he was presented with a travel document application for France that he refused to fill it out. And (2) Mr. Tiede Immigration attorney of record stated that he is a citizen and national of Cote d'Ivoire.

Mr. Tiede has no recollection of being presented with an application of that sort from ICE to fill out. Even if ICE did, base it on Mark Garham (Graham) declaration, this was done on May 23, 2019. See Graham Decl.¶ 10 over 18 months ago and "ICE has never ever re-presented that application for Mr.Tiede to fill out again". If this application was so important to the removal of Mr. Tiede why it was not brought back for Mr. Tiede to fill out again? And now it has been over 18 months. Therefore, if anyone is delaying the removal of Mr. Tiede it would be ICE for the past 18 months. ICE has done nothing to pursue Mr. Tiede removal. If this application is so important; then it should have been in front of Mr. Tiede every week for the past 18 months, and not just that one time, 18 months ago. ICE has never brought that application back again for Mr. Tiede to fill out. Deportation Officers (D.O.) comes to the Farmville detention center every week, and for 18 months, not one of these officers re-presented that application for Mr. Tiede to fill out. ICE is delaying Mr. Tiede removal, if this application has anything to do with his removal from the United States of America.

On September 16, 2020 order, this Honorable Court stated that respondents argument as "stale" because respondents argument was already before this honorable Court. This application was presented on the second month of Mr. Tiede's detention and 18 months later it still has not been brought back.

Secondly ICE stated that on or about May 31, 2019 ICE deportation officer Toya Smalls spoke with Mr. Tiede Immigration attorney of record who in then stated that the Mr. Tiede is a native and citizen of Cote d'Ivoire. In other words, Toya Smalls spoke with this so called attorney of record that has no name, gender, or address, told her that Mr. Tiede is from Cote d'Ivoire, which

Toya relate to Mark Graham; then Graham relates' it in his declaration which has unsubstantial evidence. This argument is nothing but hearsay and has is not admissible; *See* Fed. R. Evid. 801(c); also the Confrontation Clause restricted statements meeting traditional definition of hearsay under Fed. R. Evid. 801(c) United States v. Holmes (2009, CA10 Kan) 311 Fed. Appx 156, cert den (2009) also see; United States v. Rodriguez-Martinez (2007, CA5 Tex) 480 F.3d 303. In that case the Defendant's conviction for violating 21 USCS 841(a)(1) and (b)(1)(A) was vacated, and case was remanded for new trial because admission of informant's out-of-court identification of defendant through police officer's testimony violated defendant's Confrontation Clause rights under Crawford decision, and error was not harmless beyond reasonable doubt; informant's out-of-court statement was only evidence that definitively identified defendant as drug source. Similar to this case, the so called attorney of record statement(s) is the only reason ICE is still detaining Mr. Tiede, also see, United States v. Aleman-Ramos (2005, CA6 Mich.) 155 Fed. Appx 845, 2005 Fed. App 932N Statements made by defendant's minor son were "testimonial" and subject to Confrontation Clause because they were made in response to police interrogation.

This so called attorney did not state that Mr. Tiede personally told him or her that he is from Cote d'Ivoire. Mr. Tiede has no recollection of telling any attorney that he is form Cote d'Ivoire, therefore, no one knows the source of this information. This information is not reliable with unsubstantiated evidence and it should not be admissible, and if admissible it would be in violation of the Confrontation Clause *See, e.g., Badasa v. Mukasey*, 540 F.3d 909, 910-11 (8th Cir. 2008) holding that information form Wikipedia is not a reliable source. Just as in this case the information from this so call attorney of record is not a reliable source of information, as

stated above no one knows the source of where this attorney information comes from because Mr. Tided did not tell anyone that he is from Cote d' Ivoire; and ICE did not states that this attorney told them that Mr. Tiede personally told this attorney that he is from Cote d'Ivoire at any time. The argument should be rejected by this honorable court. Neither ICE nor this so call attorney of record produce any evidence to support this accusation that Mr. Tiede is from Cote d'Ivoire. Subsequently, even if Mr. Tiede told this no name attorney that he is form cote d'Ivoire, and this attorney then told ICE that he is from Cote d'Ivoire without Mr. Tiede consent, it would be also in violation of the privacy Act 5 U.S.C. 552a(e)(7). It is true that lawyers must maintain confidentially information provided during a consultation. See, *e.g., Barton v. United States District Court,* 410 F.3d 1104, 1111 (9th Cir. 2005) (**the attorney-client privilege applies to communications made during preliminary consultations because "without it, people could not safely bring their problems to lawyers unless the lawyers had already been retained"**); *B.F. Goodrich Co. v. Formosa Plastics Corp.,* 638 F. Supp. 1050, 1052 (S.D. Tex. 1986) ("The fact that the attorney-client relationship had not yet been established does not mean that a law firm owed no duty whatever to the client . . . .[A] lawyer must preserve the confidences and secrets of one who has 'sought to employ him or her. The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey,* 632 F.3d 559, 566 (9th Cir. 2011) (citing *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981)). In the corporate realm, the privilege can also protect communications between non-attorney corporate employees when the communications are made for the purposes of obtaining legal advice from an attorney. *Cf. In re Kellogg Brown & Root, Inc.,* 756 F.3d 754, 758, 410 U.S. App. D.C. 382 (D.C. Cir. 2014)

Communications made by and to non-attorneys serving as agents of attorneys in internal investigations are routinely protected by the attorney-client privilege.").

Moreover, the privilege "applies to communications between lawyers and their clients when the lawyers act in a counseling and planning role, as well as when lawyers represent their clients in litigation" *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) When an attorney is hired to give advice, there is a rebuttable presumption that the lawyer is hired to give "legal advice." For this no name attorney to tell ICE anything about Mr.Tiede's case without his consent would be in violation of the attorney-client privilege and should be rejected by this honorable court.

If anyone is delaying Mr. Tiede removal it would be ICE. They have being inactive for far too long in Mr. Tiede's removal proceedings. ICE has done nothing to remove Mr. Tiede for over 10 months until this honorable court asked for an update on Mr. Tiede case in August 2020 because ICE had put forth no action. The last time ICE done anything was on October 23, 2019. From that date and on, ICE has done "nothing" in Mr. Tiede case until August 2020 when they are forced to act. The mere mention of contacting INTERPOL on May 2020 to inquire of any response from Cote d'Ivoire, further shows their inactivity between the months of October 2019 and May 2020 seven (7) months is enough time for removal to be finalized. *See Resp. Renewed Motion page 6, paragraph 5.*

On or about August 3, 2020, Mr. Tiede emailed a copy of his French consular identification card to Department of Homeland Security (DHS). See, Respondent renewed motion page 5. Without

provocation from DHS Mr. Tiede presented more documents of his French origin and citizenship. He is the only one active who is making any effort in his removal. There was no action taken in Mr. Tiede case for over 10 months by ICE. No one comes to see him or bring anything for him to sign or fill out, like for instance that "application" ICE claimed he "did not fill out". Why ICE did not bring back that application within those 10 months of inaction? ICE is the one prolonging Mr. Tiede removal base on their inaction.

Let us not forget respondent declaration written by Mark Graham, he stated in his declaration filed October 30th 2019 under Penalty of perjury under the laws of United States of America that the forgoing is true and correct to the best of his information, knowledge and belief; that on or about June 28th 2019 a Post-order Custody Review (P.O.C.Rs) were conducted, each concluding that continued detention was appropriate. See Graham Declaration October 30th 2019 Page4 ¶ 17. But on November 25th 2019 Graham recant his statement, now stating that June 28th 2019 was not the date of the (P.O.C.Rs), it was only initiated on that date. Court have pointed out, when a person supposedly recants only when confronted with evidence of his prevarication, the amelioration is not available. See Llanos Senarillos 177 F. 2d at 165-66 (9th Cir 1949). Graham did not recant until Mr. Tiede brings it to light that DHS/ICE's Failure to comply with its own regulations and failure to provide legally-required procedures which violate the right to procedural due process. At that time Graham was confronted with evidence of his prevarications, and the amelioration should not be available to him as stated in Llanos Senarillos 177 F.2d at 165-66 (9th Cir 1949). Graham did not withdraw his false testimony on his own volition and without delay. He only withdraws his statement after it produces some unfavorable result, one of

which could cost him his job for failure to provide legally required procedures, which violate the right to procedural due process, only then did Graham withdraw his testimony.

18 U.S.C.S § 1623(d) does not allowed witness to lie to judicial tribunal, and then upon learning he has been discovered, recant in order to bar prosecution; United States v. Baldwin 1980 MD Tenn. 506 F. Supp 300. To meet statutory requirement of recantation under 18 U.S.C.S § 1623, one must show that his false declaration did not substantially affect proceeding, and that he admit Falsehood before it became manifest. With all the information therein Graham declaration should not be trusted and should be rejected by this honorable Court. Graham was the master mind of his declaration that claimed this no name attorney of record told Toya Small that Mr. Tiede is from Cote d'Ivoire Graham declaration has been proven to have false statement. So why should anyone trust this accusation that Mr. Tiede is from Cote d'Ivoire? When it is stem from a declaration that is riddle with false testimony.

**Removal in the reasonable foreseeable future**

There apparently is no significant likelihood of Mr. Tiede removal in the reasonably foreseeable future. The Supreme Court requires a detained alien to demonstrate initially only that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" Zadvydas, 537 U.S. at 701 (emphasis added the burden upon the detainee is not to "demonstrate" no reasonably foreseeable significant likelihood of removal or show that his detention is indefinite. It is something less than that D. Alessandro v. Mukasey, 628 F. supp 2d 368. 404 (W.D.N.Y. 2009); and if the detainee makes that showing, the burden shift to the government to "respond with evidence sufficient to rebut [the detainee] showing" Zadvydas, 533

U.S. at 701. Here, Mr. Tiede cannot be removed to France without travel documents despite ICE efforts to obtain travel documents for almost 19 months now even with frequent follow-up communications with the France consulate, nothing in the record suggests that ICE is now closer than it was when Mr. Tiede first taken in to custody to obtain the necessary documents. ICE has not produced anything from the France Consulate providing possible timeline for obtaining travel documents or deportation. ICE reasonably expects Mr. Tiede to be repatriated to France, but provided no date, instead simply stating that ICE anticipates that it will be able to timely Effectuate Mr. Tiede removal; however the time frame of this expectation is not specific. In other words ICE has no idea; and if it has no idea of when it might reasonably expects Mr. Tiede to be repatriated, so then the Court certainly cannot conclude that his removal is likely to occur or even that it might occur in the reasonably foreseeable future.

The Court is left to guess whether Mr. Tiede deportation might occur in ten days, ten months, or ten years. In Zadvydas and its progeny are all about the mere passage of time, and event in Mr. Tiede's case, it's not merely the passage of time that suffices to meet his initial burden, however the passage of time combined with the fact that the France consulate and United States government are no closer to identifying or repatriating him than they were once they first took him into custody for that matter when ICE first ordered him removed almost 19 months now.

8 U.S.C 1231 does not permit indefinite detention; Zadvydas 533 U.S at 689. Since neither ICE nor this Court can guess the length of time of Mr. Tiede's detention pending removal will continue with any degree of certainty, his detention is indefinite.

The argument the government had provided is insufficient to rebut his showing of good reason to believe that there is a significant likelihood of removal in the reasonably foreseeable future. Mr. Tiede continued detention violated the statute set out in Zadvydas 533 U.S at 701, Hassoun Supra 2019 U.S Dist. Lexis 451[WL] at *5. Under Zadvydas the reasonableness of Mr. Tiede's detention does not turn on the degree of the government's good faith efforts, rather the reasonableness of Mr. Tiede detention turns on whether, and to what extent the government's efforts are likely to bear fruit, under D'Alessandro 628 F. Supp. 2d. at 406 the government failed to rebut presumption that deportation is not reasonably foreseeable when ICE can come forward with nothing other than an assertion that Mr. Tiede's detention will end at some unspecified and Unpredictable time.

Andreasyan v. Gonzales 466 F. Supp. 2d 1186,1189-90(W.D Wash 2006) finding removal not likely in reasonably foreseeable future, when alien detained for eight months, consulate states only that case was still under review pending decision, and government continues to ask for few more weeks, further in Seretse Khama v. Ashcroft 215 F. Supp. 2d 37, 50 (DC 2002) government failed to rebut showing that deportation is not reasonably foreseeable where they have not demonstrated that any travel documents are in hand nor have they produced any evidence, or even assurances from the (foreign) government, that travel documents will be issued in a matter of days or weeks or even months. There is clear path to see that there is no likelihood of removal in foreseeable future. Therefore Mr. Tiede is entitled to be release from his indefinite detention.

There is no doubt that Mr. Tiede is a French citizen because he entered the United States and was originally admitted to the United States with a French passport on August, 28th 2001 at one of the most sophisticated airport in the world; the "**John F. Kennedy International airport**" in New York, New York and if any of his travel document were fraudulent he could not make it out that airport without being arrested. Is ICE saying "that anyone could walk through the United States' airports with a fraudulent passport? Also if he is not from France and is from Cote d'Ivoire as ICE "assumed" his deportation is illegal because Cote d'Ivoire does not have a visa waiver program (V.W.P); and ICE has no evidence as to Mr. Tiede being a citizen of Cote d'Ivoire. Therefore this argument is nothing but speculation at best and it is totally meritless.

How does one prove their citizenship? If not with a passport or birth certificate which Mr. Tiede had submitted to ICE, furthermore ICE took Mr. Tiede finger prints that shows that he is in fact a French citizen; See Garza vs. Bennett 2018 U.S Dist. Lexis 15994(s.d tex, jon 31, 2018) (Garza showed the interviewer his valid U.S passport "as proof of citizenship"). According to ICE speculations Mr. Tiede is not a French citizen, however stated that when Mr. Tiede was arrested by US Customs and Border Protection (CBP) at Dulles International Airport in Dulles, Virginia see Grahams declaration ¶ 6, records showed Mr. Tiede violated the terms of the visa waiver program (VWP); see Grahams Decl.¶ 6, which is given only to France citizens not Cote d'Ivoire, that can only mean that Mr. Tiede is in fact a French citizen.

Last but not least ICE did not show no valid instance in which Mr. Tiede did not personally cooperated with his removal.

Case 3:19-cv-00589- REP-RCY

November 10, 2020

## Conclusion

Base on these forgoing reasons, this Court should deny the respondents motion to dismiss and respondents' motion for summary judgment, and grant Mr. Tiede petition for writ of habeas corpus and order him immediately release.

## Poof of Service

I certify that on  11-12-20 , I mailed a copy of this motion to Jonathan T. Lucier VSB No 81303 Attorney for Respondents at the office of the United States Attorney, 919 East Main Street, suite 1900 Richmond, VA 23219

Date 11-12-2020

Sign Raymond Tiede

County/City of Prince Edward
Commonwealth/State of VA
The foregoing instrument was acknowledged before me this 12 day of Nov. 2020, by
Raymond Tiede
(name of person seeking acknowledgement)

Delores Ann Nyquist, Notary Public No. 7744614
My Commission Expires October 31, 2021

Page 12 of 12