UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RAYMOND TIEDE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil No. 3:19cv589-REP-EWH |
| ) | |
| JEFFREY CRAWFORD, et al., ) | |
| ) | |
| Respondents. ) | |
| _____) | |

**REPLY IN SUPPORT OF
RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS AND
MEMORANDUM IN SUPPORT OF RENEWED MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Respondents, by counsel, submit this Reply in Support of Response to Petition for Writ of Habeas Corpus and Memorandum in Support of Respondents' Renewed Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 15) or, in the alternative, Renewed Motion for Summary Judgment under Rule 56(c) (ECF No. 16) in response to Petitioner Raymond Tiede's Petition for a Writ of Habeas Corpus.

**I.  Argument**

**A.  Tiede Has Not "Personally Cooperated" Fully and Honestly with USCIS to Secure Travel Documents for His Removal**

Tiede argues that ICE "did not show [any] valid instance in which Mr. Tiede did not personally cooperate with his removal," and thus he has carried his burden to show there is no significant likelihood of removal in the reasonably foreseeable future. Pet'r's Opp'n (ECF No. 19) at 11. That is incorrect. The delay in Tiede's removal is a result of his assertions that he is a French citizen, despite repeated determinations by French authorities that he is not. Tiede also

1

previously refused to fill out an application for a French travel document. Declaration of Mark Graham ("Graham Decl.") ¶ 10, Ex. A (ECF No. 5-1) to Resp'ts' Resp. to Pet. and Mem. in Supp. Mot. to Dismiss and for Summ. J. The French Embassy has notified ICE that the birth certificate Tiede submitted to establish his identity is fraudulent and cannot be used to prove French citizenship. Graham Decl. ¶ 15. Even after an interview of Tiede was conducted and his French passport submitted, the French Embassy again stated Tiede is not a French citizen and that his documentation was fraudulent. Graham Decl. ¶¶ 19, 21, 23. Finally, after reviewing the consular card Tiede submitted, French authorities stated that it was obtained on the basis of a false birth certificate. Ex. A, Declaration of Paul Trump ¶ 9, Ex. A (ECF No. 17-1) to Resp'ts' Resp. to Pet. and Mem. in Supp. Renewed Mot. to Dismiss and for Summ. J.

Tiede has thus not fully and honestly cooperated with his removal because he has continued to claim French citizenship despite the repeated refutation of this claim by French authorities. "[W]hen an alien refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government, the alien cannot meet his or her burden to show there is no significant likelihood of removal in the reasonably foreseeable future." *Lema v. I.N.S.*, 341 F.3d 853, 856 (9th Cir. 2003). Tiede is thus incorrect that his Petition should be granted because "nothing in the record suggests that ICE is now closer [to removal] than it was when" he was first taken into custody and that "ICE has done nothing to pursue" his removal. Pet'r's Opp'n at 3, 9. Tiede's continued assertion of French citizenship is the reason for the delay in his removal and why he cannot meet his burden of demonstrating habeas relief is warranted. French authorities' representations to ICE repeatedly rejecting Tiede's proffered French documentation are also why, contrary to Tiede's argument, there is in fact "doubt that Mr. Tiede is a French citizen" and not merely "ICE speculation." Pet'r's Opp'n at 11. Tiede "could likely effectuate his

2

own removal (and free himself from detention) by providing the" necessary citizenship information to ICE. *Pelich v. I.N.S.*, 329 F.3d 1057, 1061 (9th Cir. 2003). "It naturally follows that his detention is not destined to be indefinite. To the contrary, [Tiede's] behavior places him within that class of aliens properly detained pursuant to 8 U.S.C. § 1231(a)(1)(C)." *Id*. As in *Pelich*, *Lema*, *Kourouma*, *Vardanyan*, and *Diallo*, the delay in Tiede's removal is a result of his insistence that he is a French citizen, a claim the French authorities have repeatedly found to be fraudulent. *See* Resp'ts' Resp. to Pet. and Mem. in Supp. Renewed Mot. to Dismiss and for Summ. J. (ECF No. 17) at 15-18. Tiede's Petition should thus be denied.

### B. Tiede's Potential Côte d'Ivoire Citizenship Is Not the "Only Reason ICE Is Still Detaining" Tiede

Tiede argues that his "so called attorney of record statement(s)" that Tiede is a citizen and national of Côte d'Ivoire is "the only reason ICE is still detaining" him. Pet'r's Opp'n at 4. That is incorrect. Even assuming Tiede is not a citizen and national of Côte d'Ivoire, that is not the reason he remains detained. Tiede instead remains detained because he continues to claim French citizenship despite repeated determinations to the contrary by French authorities. Because Tiede refuses to cooperate fully and honestly with ICE's efforts to remove him, his Petition should be denied. *Lema*, 341 F.3d at 857 ("We conclude that 8 U.S.C. § 1231(a)(1)(C), interpreted mindful of the concerns underlying *Zadvydas* and *Pelich*, authorizes [ICE's] continued detention of a removable alien so long as the alien fails to cooperate fully and honestly with officials to obtain travel documents.").

## II. Conclusion

For the foregoing reasons, this Court should deny Petitioner's petition for a writ of habeas corpus.

Dated: November 19, 2020                    Respectfully submitted,

                                                                G. ZACHARY TERWILLIGER
                                                               UNITED STATES ATTORNEY

By:   /s/
       Jonathan T. Lucier
       VSB No. 81303
       Attorney for Respondents
       Office of the United States Attorney
       919 East Main Street, Suite 1900
       Richmond, Virginia 23219
       Telephone: (804) 819-5400
       Fax: (804) 771-2316
       Email: jonathan.lucier@usdoj.gov

**CERTIFICATE OF SERVICE**

      I certify that on November 19, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and served the Petitioner, who is a non-ECF user, by depositing a true copy of the same in the U.S. mail in a prepaid envelope addressed as follows.

    Raymond Tiede
    A200397367
    Farmville Detention Center
    508 Waterworks Road
    Farmville, VA 23901

    /s/
    Jonathan T. Lucier
    VSB No. 81303
    Attorney for Respondents
    Office of the United States Attorney
    919 East Main Street, Suite 1900
    Richmond, Virginia 23219
    Telephone: (804) 819-5400
    Fax: (804) 771-2316
    Email: jonathan.lucier@usdoj.gov