```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                       Richmond Division
```

RAYMOND TIEDE,

    Petitioner,

v.                                            Civil Action No. 3:19CV589

JEFFREY CRAWFORD, et al.,

    Respondents.

**MEMORANDUM OPINION**

Raymond Tiede, an alien detainee proceeding pro se, submitted this petition pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1). In his § 2241 Petition, Tiede seeks release from the custody of the United States Immigration and Customs Enforcement ("ICE"), asserting that his continued detention is unlawful under Zadvydas v. Davis, 533 U.S. 678 (2001), as it is unlikely that he will be removed in the foreseeable future "because the embassy of France has not and will not provide travel documentation." (§ 2241 Pet. 7 (capitalization corrected).) For the reasons set forth below, the action will be dismissed as moot.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). No case or controversy exists unless the petitioner has suffered an actual injury that can "be redressed by a favorable judicial decision." Spencer, 523

U.S. at 7 (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)).

On February 19, 2021, Respondents filed a NOTICE OF SUGGESTION OF MOOTNESS. (ECF No. 22.) Respondents note that Tiede has obtained the relief he sought in his § 2241 Petition because, on February 16, 2021, he was released from the custody of ICE pursuant to an Order of Supervision. (Id. at 1.)

"Where, as here, a petitioner does not challenge the legality of his removal order but rather only seek[s] release from ICE custody pending his removal, courts have held that the petitioner's deportation or release from custody moots the petition." Diawara v. Sec'y of DHS, No. AW-09-2512, 2010 WL 4225562, at *2 (D. Md. Oct. 25, 2010) (citations omitted); see Sayyah v. Farquharson, 382 F.3d 20, 22 n.1 (1st Cir. 2004) (noting that alien's release mooted alien's habeas challenge to continued detention); Ishola v. Mukasey, No. PJM-08-1363, 2008 WL 7697071, at *1 (D. Md. Aug. 12, 2008) (finding that petitioner's § 2241 petition challenging continued detention pending removal was moot because petitioner had been released from ICE custody pursuant to an order of supervision), aff'd sub nom. Ishola v. Holder, 326 F. App'x 254 (4th Cir. 2009); Al-Salahi v. Loiselle, No. 2:06CV102, 2006 WL 2709682, at *2 (E.D. Va. Sept. 19, 2006) (concluding same). Because Tiede is no longer in ICE custody, his § 2241 Petition no longer presents a case or controversy that this Court can address.

See Spencer, 523 U.S. at 7 (quoting Lewis, 494 U.S. at 477). Accordingly, the action will be dismissed as moot. The outstanding motions (ECF Nos. 15, 16) will be dismissed as moot.

The Clerk is directed to send a copy of Memorandum Opinion to Tiede and counsel of record.

It is so ordered.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 29, 2021